Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
206 Jefferson St.
Boise, ID 83702
P: 208-481-4812
E: barkley@barkleysmithlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL FRICKEY,<br><br>             Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC and CITIBANK, N.A.,<br><br>             Defendant. | Case No.: 1:22-cv-86<br><br>**COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Russell Frickey, by and through his counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendants as follows:

## **INTRODUCTION**

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act) and 15 U.S.C. 1692 *et seq*. (Fair Debt Collection Protection Act)

## **JURISDICTION AND VENUE**

Complaint - 1

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(d) because the illicit credit reporting activity was directed at Plaintiff in Kootenai County, ID.

3. Venue is proper in this district under 15 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person currently residing in Kootenai County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

6. Citibank, N.A. (Citi) is a National Bank with a headquarter located at 5800 S Corporate Place, Sioux Falls, SD 57108.

7. Citi is a "person" as that term defined by 15 U.S.C. § 1681a(b).

8. Citi is a "user" and a "furnisher" of credit information as defined by the FCRA.

9. Experian Information Solutions, Inc. (Experian) is a corporation incorporated under the laws of the State of Ohio and has a designated registered agent: CT Corporation Systems, 921 S Orchard St. STE G, Boise, ID 83705.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681(d), to third parties. Experian is a "consumer reporting agency", as defined by 15 U.S.C. § 1681f.

## GENERAL ALLEGATIONS

11. Defendant Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from November 2019 through current. The inaccurate information includes an alleged accounts with Citi.

12. On March 2, 2017, Citi filed suit against Plaintiff in the Magistrate Division of the Kootenai County District Court in Idaho. The lawsuit filed by Citi was assigned case number cv17-1810.

13. On June 23, 2017, the case was Dismissed with Prejudice.

14. Defendant Citi continued to update the account as past due with a balance of $5476.53 to Defendant Experian after the Judgment for Dismissal with Prejudice was entered through at least September of 2020.

15. Plaintiff disputed the inaccurate information with Experian by following Experian's established procedures for disputing consumer credit information.

16. Plaintiff disputed the inaccurate information with Defendants from November 2019 through May 2021.

17. Notwithstanding Plaintiff's efforts, Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information.

18. Plaintiff submitted his final dispute in May 2021. Experian refused to investigate the dispute as it considered the dispute "duplicative".

19. Despite Plaintiff's efforts, Experian did not: (1) contact Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forward all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents.

20. Notwithstanding Plaintiff's disputes, Cit has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by Experian concerning

Complaint - 3

Plaintiff's disputes and upon Citi's conclusion of an ineffective investigation, it has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

21. The alleged debts reported by Citi arose out of transactions which were primarily for personal, family or household purposes.

22. Notwithstanding the above, Citi has been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies when they knew or should have known that the debts were paid by Plaintiff.

23. The debts negatively reflected upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

24. Citi could and should have taken the steps necessary to bring its agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

27. Experian, violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

28. As a result of this conduct, action and inaction of Experian, the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

29. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

30. Plaintiff re-allege and incorporates paragraphs 1-17 above as fully set out herein.

31. Experian violated 15 U.S.C. § 1681i on multiple occasions by:

    a. Failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies from Plaintiff;

    b. By failing to conduct a lawful reinvestigation;

    c. By failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file;

    d. By relying upon verification from a source it has reason to know or should have known is unreliable.

32. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

33. Experian's conduct, action and inaction was willful, rendering it liable for actual and/or statutory damages and punitive damages in an amount to be determined by

the trier of fact pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

34. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

35. At all times pertinent hereto, the conduct of the Defendants', as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. Citi)

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Citi violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

38. Citi's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Citi is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant on Plaintiff's Claims for Relief for willful and/or negligent violations of the FCRA as follows:

A. Judgment that Defendant's conduct listed in Plaintiff's First Claim of Action violated the FCRA;

B. Actual damages in an amount which will be determined by a jury;

C. Statutory damages against Defendants as determined by the court pursuant to 15 U.S.C. § 1681n;

D. Punitive damages against Defendants in an amount which will be determined by a jury pursuant to 15 U.S.C. §1681n;

E. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a).

Dated this 28th day of February, 2022.

       Respectfully submitted by,

       /s/ Barkley B. Smith
       BARKLEY B. SMITH
       Barkley Smith Law, PLLC